Andrias, J.E, and Abdus-Salaam, J.,
dissent in a memorandum by Abdus-Salaam, J., as follows: I disagree with the majority that the claims here constitute “property damage” caused by an “occurrence.” Plaintiff I.J. White (White), the insured, contracted to build a spiral freezer for Hill Country Bakery’s facility. The contract called for a freezer that would cool baked goods to a temperature of 0 to 5 degrees within 150 minutes. However, as alleged in the underlying complaint filed by Hill Country against White, the freezer only cooled the cakes down to 20 to 25 degrees within that time, and at the higher temperature ranges “the cakes were still too warm to cut, and attempts to cut the cakes at that range resulted in ruined product that could not be sold.” The complaint further alleges that the freezer required an additional 105 minutes over the freezing time required by the contract to freeze the cakes to the desired temperature.
White’s insurer does not owe a defense to White in the action brought by Hill Country Bakery. The policy defines “occurrence” as “an accident, including continuous or repeated exposure to substantially the same general conditions.” The Hill Country complaint, which sounds in breach of contract, breach of implied and express warranty, and fraudulent inducement, does not allege an “occurrence” as defined by the policy, but rather arises out of a contract dispute where it is alleged that the spiral freezer did not perform as required by the contract, causing Hill Country to spend additional money, including overtime wages to pay employees for extended hours to meet the demand for its products, and money to repair the freezer so that it was operational. Here, as in George A. Fuller Co. v United States Fid. & Guar. Co. (200 AD2d 255 [1st Dept 1994], lv denied 84 NY2d 806 [1994]), the policy “does not insure against faulty workmanship in the work product itself but rather faulty workmanship in the work product which creates a legal liability by causing bodily injury or property damage to something other than the work product” (200 AD2d at 259; see also Bonded Concrete, Inc. v Transcontinental Ins. Co., 12 AD3d 761, 762 [3d Dept 2004] [gist of claims in underlying action is that plaintiff provided allegedly defective product]).
*534 I am unpersuaded by White’s argument, adopted by the majority, that the allegation that the cakes were ruined falls squarely within the policy’s definition of “property damage.” Firstly, “[wjhether examined in its totality or by a review of each cause of action (.Fuller at 259), it is clear that Hill Country is not claiming that the freezer ruined the cakes, but is alleging that the cakes did not freeze to the proper temperature within the required time, and that attempts to cut the cakes when they were still too warm resulted in ruined product. A plain reading of the complaint reveals that Hill Country is not seeking any damages from White for ruined cakes. The Wherefore clause contains no such demand and Hill Country’s disclosure in the underlying action specifies the categories of damages as approximately $1.7 million paid to White for the freezer, $1.2 million in repair costs to render the freezer operational in accordance with the contract specifications, and $700,000 in employee overtime wages. There is no category of damage for ruined product, and no category that would constitute an “occurrence” under the policy.